**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JAMES JOHNSON** **PLAINTIFF**
***ADC #119251***

**v.** **No: 3:26-cv-00219-BSM-PSH**

**DALE COOK, *et al.*** **DEFENDANTS**

**ORDER**

Plaintiff James Johnson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 29, 2026, while incarcerated at the Mississippi County Detention Center (Doc. No. 2). Johnson was directed to pay the required filing and administrative fees or file a complete application for leave to proceed *in forma pauperis* ("IFP") within thirty days. *See* Doc. No. 3. Johnson has now filed a complete IFP application (Doc. No. 5) and an amended complaint (Doc. No. 6).

Because Johnson has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his application to proceed *in forma pauperis* (Doc. No. 5) is GRANTED. *See* 28 U.S.C. § 1915(a). The Court does not assess an initial partial filing fee. Johnson will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Johnson's custodian is requested to send the Clerk of the Court monthly payments from Johnson's prison

trust account when the amount exceeds $10.00, until the statutory filing fee of $350 is paid in full. 28 U.S.C. § 1915(b)(2). The payments also must be clearly identified by the name and number assigned to this action. The Clerk of the Court is directed to send a copy of this order to the Warden of the Pine Bluff Unit, the ADC Trust Fund Centralization Bank Office, and the ADC Compliance Office.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court will not order service of process at this time but will allow Johnson to file an amended complaint to clarify and narrow his claims. In his amended complaint, he should describe how each named defendant was involved in the alleged violation of his rights[1] and how he was injured as a result. Johnson should also explain why he sues defendant(s) in their official and/or individual capacities.[2]

---

[1] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

[2] Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir.

Johnson's claims must also be factually related if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[3]

The Clerk of Court is directed to send a blank § 1983 complaint form to Johnson. Johnson is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. Johnson has thirty days from the date of this Order to file an amended complaint. In the event he fails to file an amended

2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, defendant county employees can only be held liable in their official capacities if a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

[3] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

complaint conforming to this order by that date, some or all of Johnson's claims may be dismissed.

IT IS SO ORDERED this 31st day of August, 2026.

UNITED STATES MAGISTRATE JUDGE